IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

IN RE: BOSTON SCIENTIFIC CORP.,
PELVIC REPAIR SYSTEM
PRODUCTS LIABILITY LITIGATION                MDL No. 2326

---

THIS DOCUMENT RELATES TO:

*Carol Penwell v. Boston Scientific Corp.*            Civil Action No. 2:14-cv-26721

## MEMORANDUM OPINION & ORDER

Pending before the court is Boston Scientific Corp.'s ("BSC") Motion to Dismiss [ECF No. 19]. For the reasons stated below, BSC's Motion to Dismiss [ECF No. 19] is **GRANTED in part** and **DENIED in part**.

I.   Background

This case resides in one of seven MDLs assigned to me by the Judicial Panel on Multidistrict Litigation concerning the use of transvaginal surgical mesh to treat pelvic organ prolapse and stress urinary incontinence. In the seven MDLs, there are over 50,000 cases currently pending, over 15,000 of which are in the BSC MDL, MDL 2326. Managing multidistrict litigation requires the court to streamline certain litigation procedures in order to improve efficiency for the parties and the court. Some of these management techniques simplify the parties' discovery responsibilities. Pretrial Order ("PTO") # 16, for example, ensures that BSC receives the plaintiff-specific information necessary to defend the cases against it. Under PTO # 16, each plaintiff in this MDL must submit a Plaintiff Profile Form ("PPF") to act as

interrogatory answers under Federal Rule of Civil Procedure 33 and responses to requests for production under Federal Rule of Civil Procedure 34. *See* PTO # 16, No. 2:12-md-2326, entered Oct. 4, 2012 [ECF No. 211]. Each plaintiff must submit a PPF within 60 days of filing a Short Form Complaint. *Id.* at ¶ 1(b). Failure to do so subjects the plaintiff "to sanctions, to be determined by the court, upon motion of the defendants." *Id.* ¶ 1(i). The parties jointly drafted the requirements for PTO # 16, and I entered it as applicable to every one of the thousands of cases in this MDL.

Here, the plaintiff filed her complaint on November 12, 2013, and her PPF was due to BSC by January 11, 2014. The plaintiff did not submit a PPF during this time period. Indeed, the plaintiff did not submit a PPF until BSC filed the instant motion, making the PPF more than 1212 days late. BSC asks the court to dismiss the plaintiff's case and sanction the plaintiff a reasonable monetary penalty under the terms and conditions that the court deems appropriate.

II. **Legal Standard**

Federal Rule of Civil Procedure 37(b)(2) provides that a court may issue "just orders" when a party fails to provide or permit discovery. Fed. R. Civ. P. 37(b)(2)(A). In the MDL world, this authority has particular significance. An MDL judge bears the "enormous" task of "mov[ing] thousands of cases toward resolution on the merits while at the same time respecting their individuality," and to carry out this task in a smooth and efficient manner, the judge must establish and, more importantly, enforce rules for discovery. *In re Phenylpropanolamine Prods. Liab. Litig.*, 460 F.3d 1217, 1231 (9th Cir. 2006). Rule 37(b)(2) supplies the tool for this enforcement,

allowing a judge to impose sanctions when a party fails to comply with the court's discovery orders. *See id.* at 1232 ("[A] willingness to resort to sanctions, sua sponte if necessary, may ensure compliance with the [discovery] management program." (internal citation omitted)); *see also Freeman v. Wyeth*, 764 F.3d 806, 810 (8th Cir. 2014) ("The MDL judge must be given 'greater discretion' to create and enforce deadlines in order to administrate the litigation effectively.").[1]

### III. Discussion

The circumstances of this case lead me to impose the sanction provided in Rule 37(b)(2)(C), which requires the disobeying party to pay "the reasonable expenses, including attorney's fees, caused by the [discovery] failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C). The plaintiff has not provided substantial justification for her failure to timely submit to discovery. Furthermore, there are no circumstances that make this sanction unjust. Although the discovery violation has since been cured, it nevertheless resulted in litigation expenses for BSC. Applying Rule 37(b)(2)(C) ensures that the disobeying party, rather than the innocent party, bears those costs. Accordingly, BSC's Motion to Dismiss is **DENIED in part** in regards to

---

[1] The Fourth Circuit Court of Appeals has directed courts to consider the *Wilson* factors in the case of "extreme sanction[s]," such as dismissal or judgment by default, where the "district court's desire to enforce its discovery orders is confronted head-on by the party's rights to a trial by jury and a fair day in court." *Mut. Fed. Sav. & Loan Ass'n v. Richards & Associates, Inc.*, 872 F.2d 88, 92 (4th Cir. 1989) (citing *Wilson v. Volkswagen of Am., Inc.*, 561 F.2d 494, 503–06 (4th Cir. 1977)). The minor sanction ultimately ordered in this case, partial compensation of the expenses caused by the plaintiff's discovery violation, does not raise these concerns. Therefore, I do not find it necessary to review the *Wilson* factors.

3

dismissing the plaintiff's claim and **GRANTED in part** to the extent that it seeks the payment of reasonable expenses.

To bring this Motion to Dismiss, BSC expended time and money identifying Ms. Penwell as one of the non-compliant plaintiffs; assessing the effect of her discovery violations; drafting a motion to dismiss and for sanctions; and serving the motion. Based on my understanding of the economic and administrative realities of multidistrict litigation, I conclude that a more representative, though still minimal, valuation of BSC's expenses, and the proper sanction in this case, is in the amount of $1000.

## IV. Conclusion

It is therefore **ORDERED** that the plaintiff has **30 business days** from the entry of this Order to pay BSC **$1000** as minimal partial compensation for the reasonable expenses caused by the plaintiff's failure to comply with discovery.[2] In the event that the plaintiff does not provide adequate or timely payment, the court will consider ordering a show-cause hearing in Charleston, West Virginia, upon motion by the defendants. It is further **ORDERED** that BSC's Motion to Dismiss [ECF No. 19] is **GRANTED in part** and **DENIED in part**. Finally, it is **ORDERED** that plaintiff's counsel send a copy of this Order to the plaintiff via certified mail, return receipt requested, and file a copy of the receipt.

---

[2] The court directs BSC to communicate with plaintiffs' leadership regarding payment instructions.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: July 31, 2017

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE